61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel G. CHAPEL, Defendant-Appellant.
 No. 93-30236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 1, 1994.
Filed Sept. 8, 1994.
Reheard En Banc Feb. 23, 1995.
En Banc Opinion Filed May 26, 1995.
Decided July 13, 1995.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Probable cause exists where, in light of "the totality of the circumstances," there is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). According to the magistrate judge's findings, Chapel lost control of his motorcycle and crashed on a public highway within Glacier National Park. Law enforcement officers, arriving on the scene, smelled alcohol on Chapel's breath, and noticed that his eyes were bloodshot, his speech slurred and his behavior confused. See ER Sec. C, at 1-2.
 
 
 3
 This case is materially indistinguishable from Schmerber v. California, 384 U.S. 757, 768-69 (1966), where the Supreme Court found probable cause and exigent circumstances for testing the blood of a defendant who had been injured in an automobile accident, had bloodshot eyes, smelled of liquor and appeared inebriated. Whatever the actual cause of Chapel's behavior, the arresting officer had probable cause for suspecting intoxication. Moreover, Schmerber makes clear that blood testing is justifiable under such circumstances because a suspect's blood alcohol content decreases with the passage of time. See 384 U.S. at 770-71.
 
 
 4
 Chapel argues that his blood test results were inadmissible because the Park Medic did not comply with Montana regulations for drawing blood. But the Assimilative Crimes Act (ACA) only applies to state rules criminalizing "any act or omission ... not made punishable by any enactment of Congress." 18 U.S.C. Sec. 13. Montana's blood-sampling regulations are not substantive criminal laws subject to incorporation pursuant to the ACA. See United States v. Roberts, 845 F.2d 226, 228 (9th Cir. 1988) (ACA does not incorporate "provisions of state law which go beyond establishing the elements of an offense and the range of punishment"); United States v. Wilmer, 799 F.2d 495, 500 (9th Cir. 1986) (ACA does not require incorporation of state procedural rules).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3